UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROHIT KUMAR,

    *Plaintiff*,

v.

MERRICK GARLAND, U.S. Attorney General,

    *Defendant*.

Case No. 1:23-cv-1314-RCL

## MEMORANDUM ORDER

In this peculiar dispute, the plaintiff Rohit Kumar, proceeding *pro se*, alleges that a cabal of high-ranking federal officials have conspired for decades in a personally targeted campaign to ruin his life through surveillance and sabotage. Kumar has sued Attorney General Merrick Garland, although it is unclear whether he has named the Attorney General in his personal or official capacity; similarly uncertain is whether Kumar seeks injunctive relief, damages, or both.

The answer to these uncertainties is ultimately inconsequential because, as the Attorney General argues in the instant Motion to Dismiss, the Court is without subject-matter jurisdiction to entertain this dispute. Accordingly, the defendant's Motion is hereby **GRANTED** and the case is **DISMISSED**.

**I. Background**

Kumar's Amended Complaint, filed in June of 2023, spins a sordid tale full of conspiracy and intrigue, though light on specific facts or narrative coherence. He claims that, since 2001, he has been unlawfully surveilled by the FBI and DOJ at the behest of two former presidents, "W" (i.e., President George W. Bush) and "Hussein" (i.e., President Barack Obama). Am. Compl. 5–6, ECF No. 2. He claims that these actors have gotten him fired from dozens of jobs, foiled his

1

efforts to obtain legal representation through intimidation and bribery, and thwarted his visa petitions. Statement of Facts 1–2, Am. Compl. Attach. 1, ECF No. 2-1. He further claims that these actors have attempted in both the United States and India to poison him by putting chemicals in his food, coffee, or directly into his ear while he slept, and also that they have placed harassing phone calls to him. *Id.* at 5–6. The Amended Complaint does not explain how these actors may have come to know Kumar, why they might be targeting him, or how he knows they are behind his alleged misfortunes. He claims that the FBI has records which would corroborate the alleged plot, *id.* at 4, but does not explain how he knows such records exist.

On July 16, 2024, the Attorney General moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject-matter jurisdiction and, alternatively, that Kumar has failed to state a claim. *See generally* Mot. to Dismiss, ECF No. 28. In a subsequent Order, the Court counseled Kumar to provide the Court with "facts beyond bare assertions" in his response to the Attorney General's Motion. *See* Order of July 16, 2024, ECF No. 30. However, Kumar's response fails to address the deficiencies identified in the defendant's Motion. Instead, Kumar doubles down on his bizarre allegations: for example, he adds an implausible interpersonal dimension to the dispute, claiming that he was "instrumental" in convincing Senator Mitch McConnell to oppose the Attorney General's nomination to the Supreme Court, *see* Pl.'s Opp'n Ex. 2 at 5, ECF No. 31–2. He also argues that certain judicial opinions from this Circuit cited in the Motion to Dismiss are "imaginary," and were planted by the "DC Cartel" specifically to frustrate his lawsuit. *Id.* at 4–5.

On July 30, 2024, the Attorney General filed a reply in support of the Motion to Dismiss. Def.'s Reply, ECF No. 33. In addition to the Attorney General's Motion to Dismiss, Kumar has two motions pending: a Motion to Confirm Service of Process, ECF No. 19, and another which—

although styled differently on the docket—is, in effect, a Motion for Leave to File a Surreply, ECF No. 35. All three motions are now ripe for the Court's review.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the Court lacks subject-matter jurisdiction. "A plaintiff—even a *pro se* plaintiff—bears the burden of establishing that the Court has subject matter jurisdiction." *Price v. Coll. Park Honda*, No. 05-cv-0624-PLF, 2006 WL 1102818, at *6 (D.D.C. Mar. 31, 2006) (citing *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993)). A court may consider materials beyond the pleadings in deciding whether it has subject-matter jurisdiction. *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016). Moreover, because the Court has an obligation to independently assure itself of its subject-matter jurisdiction, a plaintiff's allegations "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a [Rule] 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1350 (2d ed. 1987)).

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of an action when a plaintiff fails to plead facts that, if accepted as true, suffice to state "a claim . . . that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The plaintiff must allege enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court considering a 12(b)(6) motion to dismiss must accept the factual allegations in the complaint as true for purposes of the motion, but need not accept "[t]hreadbare recitals of the elements of a cause of action" or credit naked legal conclusions advanced by the plaintiff. *Id.* Moreover, where a court is "confronted with both a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the Court must first consider whether it has subject-matter

jurisdiction." *Hamilton v. United States*, 502 F. Supp. 3d 266, 272 (D.D.C. 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

### III. Analysis

The Court lacks subject-matter jurisdiction to entertain Kumar's claims, so the case must be dismissed pursuant to Rule 12(b)(1). Although a Court must credit a non-movant's factual allegations when adjudicating a motion to dismiss pursuant to Rule 12(b)(1), *see Hill v. Smoot*, 308 F. Supp. 3d 14, 18 (D.D.C. 2018), jurisdiction cannot be founded on claims that are "obviously frivolous" or "essentially fictitious." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (first quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910), then quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962)). In keeping with the principle that a complaint "may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), a claim must be more than merely "doubtful or questionable" to deprive the federal courts of subject-matter jurisdiction. *Hagans*, 415 U.S. at 538. Examples of claims that cross the line into the "essentially fictitious" category, and which therefore warrant dismissal on jurisdictional grounds, include those based on "fantastic government manipulations of [the plaintiff's] will or mind, any sort of supernatural intervention," or, as pertinent here, "bizarre conspiracy theories . . . ." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

For comparison, in *Newby v. Obama*, the plaintiff set forth vague allegations that she was being surveilled and stalked by various government agencies and high-ranking officials, including former Presidents George W. Bush and George H.W. Bush, at least in part as a "political favor to Phillips Petroleum Company . . . ." *Newby v. Obama*, 681 F. Supp. 2d 53, 54–55 (D.D.C. 2010). The *Newby* court granted the defendant's motion to dismiss under Rule 12(b)(1), holding that the "patently insubstantial" and "frivolous" conspiracy theories set forth in the complaint could not provide the court with subject-matter jurisdiction. *Id.* at 56 (citing *Best*, 39 F.3d at 330); *see also*

jurisdiction." *Hamilton v. United States*, 502 F. Supp. 3d 266, 272 (D.D.C. 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

### III. Analysis

The Court lacks subject-matter jurisdiction to entertain Kumar's claims, so the case must be dismissed pursuant to Rule 12(b)(1). Although a Court must credit a non-movant's factual allegations when adjudicating a motion to dismiss pursuant to Rule 12(b)(1), *see Hill v. Smoot*, 308 F. Supp. 3d 14, 18 (D.D.C. 2018), jurisdiction cannot be founded on claims that are "obviously frivolous" or "essentially fictitious." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (first quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910), then quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962)). In keeping with the principle that a complaint "may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), a claim must be more than merely "doubtful or questionable" to deprive the federal courts of subject-matter jurisdiction. *Hagans*, 415 U.S. at 538. Examples of claims that cross the line into the "essentially fictitious" category, and which therefore warrant dismissal on jurisdictional grounds, include those based on "fantastic government manipulations of [the plaintiff's] will or mind, any sort of supernatural intervention," or, as pertinent here, "bizarre conspiracy theories . . . ." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

For comparison, in *Newby v. Obama*, the plaintiff set forth vague allegations that she was being surveilled and stalked by various government agencies and high-ranking officials, including former Presidents George W. Bush and George H.W. Bush, at least in part as a "political favor to Phillips Petroleum Company . . . ." *Newby v. Obama*, 681 F. Supp. 2d 53, 54–55 (D.D.C. 2010). The *Newby* court granted the defendant's motion to dismiss under Rule 12(b)(1), holding that the "patently insubstantial" and "frivolous" conspiracy theories set forth in the complaint could not provide the court with subject-matter jurisdiction. *Id.* at 56 (citing *Best*, 39 F.3d at 330); *see also*

*Tooley v. Napolitano*, 586 F.3d 1006, 1009–10 (D.C. Cir. 2009) (reiterating the "patently insubstantial" standard and collecting cases in which plaintiffs alleged unsubstantiated claims of governmental surveillance and harassment, each of which were dismissed for lack of subject-matter jurisdiction).[1]

The allegations in Kumar's Amended Complaint are at least as farfetched as those in *Newby*, if not significantly more so. Kumar alleges a personally-directed, decades-long campaign of surveillance, professional subversion, and assaults on his person, orchestrated at the very highest echelons of the federal government. For all the enormity of his allegations, Kumar offers no explanation as to how former Presidents Bush and Obama are even aware of him, let alone why they would bother coordinating a covert, multi-year, multi-agency operation to ruin his life—or how they could continue to do so after leaving office. Similarly lacking is any logical reason to believe that these *particular* actors are pulling the strings of this alleged conspiracy, *even if* the Court were to assume, for purposes of the Motion to Dismiss, that the conspiracy itself exists.

Kumar attempted to file a Second Amended Complaint without leave of Court, but was instructed to first move for leave to file. Denial of Filing, ECF No. 6. Kumar subsequently moved for leave to file his Second Amended Complaint, *see* Mot. for Leave to File, ECF No. 15, which was denied due to his failure at that time to properly serve the Attorney General pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Order of Feb. 28, 2024, ECF No. 16. Nevertheless, because the Court may look beyond the pleadings to resolve a Rule 12(b)(1) motion to dismiss, *Am Freedom L. Ctr.*, 821 F.3d at 49, the Court will consider whether the Second Amended Complaint would have cured the deficiencies of Kumar's pleadings.

---

[1] Needless to say, the Court does not agree with. Kumar's naked assertion that *Newby* is a fraudulent case filed "on behalf of alleged criminals in anticipation of this case only . . . to create a protective cover for themselves." Pl.'s Opp'n at 17.

To the contrary, the contents of the Second Amended Complaint only render Kumar's tale even more fanciful. It presents an alternative reality in which Kumar, rather than the innocent victim of Kafkaesque government machinations, is recast as an international business titan and political kingmaker. He vacillates between inserting himself, Forrest Gump-like, as the main protagonist in various historical moments on the one hand, and fabricating events entirely on the other. For example, he claims that he personally orchestrated Mike Huckabee's victory in the 2008 Iowa Republican caucuses, Mitt Romney's victory in the 2008 Michigan Republican primary, and Hillary Clinton's victory in the 2008 New Hampshire Democratic primary. 2d Am. Compl. 4, Mot. for Leave to File Attach. 1, ECF No. 15-1. He claims that he engineered the financial system bailout and stimulus programs enacted in response to the 2007–08 financial crisis, that he briefly served as the owner or CEO of Berkshire Hathaway, Change Healthcare, and Pepsi, and that he personally fired Warren Buffett and Bill Gates after taking over their respective firms. *See id.* at 6–14. He claims that he "personally built" the BJP, India's ruling political party, and that he handpicked Prime Minister Narendra Modi to lead it. *Id.* at 8. And, in stark contrast to these rather grandiose allegations, he expresses his particular dismay that President George W. Bush has allegedly been calling and emailing him multiple times a day to sell him burial insurance from the Globe Life Insurance Company. *Id.* at 8, 21.[2]

Suffice it to say, Kumar's allegations run the gamut from the bizarre to the outright farcical. Such obviously fictitious claims cannot satisfy the plaintiff's burden to establish subject-matter jurisdiction. Accordingly, the case must be dismissed, and the Court shall not—indeed, may not—

---

[2] Not only is the Second Amended Complaint utterly fantastical; it also seemingly contradicts Kumar's other pleadings. For example, Kumar's original Complaint states that he never met either former President behind the alleged plot, Compl. Attach. 2 at 2, ECF No. 1-2, whereas the Second Amended Complaint claims that President Obama came to Ireland to "woo" him in the lead-up to the 2008 general election. 2d Am. Compl. at 4.

consider whether Kumar's claims would also warrant dismissal under Rule 12(b)(6) for failure to state a claim that "is plausible on its face." *Twombly,* 550 U.S. at 570.[3]

## IV.   Conclusion

Therefore, upon consideration of the defendant's Motion to Dismiss, the response and reply thereto, and the entire record herein, and for the reasons contained in this Memorandum Order, it is hereby

**ORDERED** that the Motion [28] to Dismiss is **GRANTED**; and it is further

**ORDERED** that the plaintiff's Motion [19] to Confirm Service of Process and Motion [35] for Leave to File a Surreply are **DENIED AS MOOT**; and it is further

**ORDERED** that this case be **DISMISSED** and **TERMINATED** on the dockets of this Court.

Date: October ___, 2024

Royce C. Lamberth
United States District Judge

---

[3] Kumar has attempted to litigate similar claims before. In 2019, then-Chief Judge John M. Gerrard of the U.S. District Court for the District of Nebraska dismissed a complaint filed by Kumar against former Acting Attorney General Matthew Whitaker, alleging a similar pattern of illicit surveillance by "W and Hussein." See *Kumar v. Whittaker,* No. 8:18-cv-578, 2019 WL 13223866, at *1 (D. Neb. May 28, 2019), *aff'd sub nom Kumar v. Barr,* 788 Fed. App'x 416 (8th Cir. 2019). That court held that Kumar had failed to state a facially plausible claim, as he had provided "no basis to believe that two former presidents, and several former high-ranking members of the Justice Department, have taken an interest in what the plaintiff is doing at all times—nor any basis to believe that all those *former* federal officials retain any authority over the FBI." *Id.* at *2 (emphasis in original). Because the Court is without subject-matter jurisdiction to entertain the present dispute, it may not consider whether and to what extent this earlier decision may have preclusive effects if the instant case were to survive the defendant's Rule 12(b)(1) challenge, which is a non-jurisdictional inquiry. *See Johnson v. Interstate Mgmt. Co., LLC,* 849 F.3d 1093, 1098 n.1 (D.C. Cir. 2017) (Kavanaugh, J.) ("Res judicata is a non-jurisdictional affirmative defense.") (citing *Stanton v. Dist. of Columbia Ct. of Appeals,* 127 F.3d 72, 76–77 (D.C. Cir. 1997)); *Smalls v. United States,* 471 F.3d 186, 189 (D.C. Cir. 2006) ([T]he defense of res judicata, or claim preclusion, while having a 'somewhat jurisdictional character,' does not affect the subject matter jurisdiction of the district court.") (internal quotations omitted).